WESTERN DIST.
October, 1839.

HOPKINS ET AL.
vs.
LAPLACE, SYNDIC
ETC.

HOPKINS ET AL. *vs.* LAPLACE, SYNDIC, ETC.

ON A REHEARING.

Where a rehearing is granted only on a particular branch of the cause, no other part of it can be examined in the second trial.

In this case a rehearing was prayed for and granted, so far as it relates to the merits, but refused on the other branch of the case.

*Dunbar* and *Campbell*, for the appellant, insisted that there was material error in the judgment appealed from, and that it should be reversed, and the case remanded for a new trial.

2. The syndic appealed not alone for himself, but on behalf, and as the agent of all the creditors. It appears from the record, that the judge of probates never advertised the tableau of distribution as the law requires, notifying the creditors thereof. This alone is error apparent on the record, which may be noticed without a formal assignment, and is sufficient to reverse the judgment, and have the case remanded. 2 *Moreau's Digest*, 434. 5 *Martin*, *N. S.*, 341.

*Morse*, *Winn* and *Brent*, contra.

*Strawbridge*, *J.*, delivered the opinion of the court.

At a former term this cause was heard, and the judgment below affirmed. On application for a rehearing the following order was made : " The motion for a rehearing in this case, so far as it relates to the refusal of the court below to grant a continuance, is refused ; but as to the merits it is allowed, and the cause continued to next term of this court." We have heard an argument at some length, and have toiled through a long and badly made up record, in search of the merits, without finding them.

An opposition was made to the syndic's account. After being continued two or three times, on the ground of the indisposition of his counsel, another motion was made to continue the cause, on an affidavit, stating the same reasons,

WESTERN DIST.
October, 1839.

Where a re-hearing is granted only on a particular branch of the cause, no other part of it can be examined in the second trial.

together with others. This was overruled; the cause tried, and judgment rendered; from which the syndic appealed. A statement of facts was made by the judge, which comes up with the record; but it shows only the facts connected with the refusal to continue on the ground of the absence of counsel. This, together with the affidavit on which the application to continue was made, furnish the only grounds of the last argument; and we are satisfied that under the order recited above they cannot be considered.

On the merits, no testimony appears on the record, except that proving the plaintiffs' debt, which is made out. We are, therefore, unable to say, whether the judgment, striking out certain items, and allowing others, was correct or not; but as the defendant and appellant has failed to bring up the record properly, but has gone to trial without applying for any aid from this court, to supply the defects, if any, we decline to alter the former judgment.